IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY HOLMON,

                Plaintiff,                ORDER

  v.

                                          11-cv-234-slc

DR. LORIA LOYDA, JAN KRUEGER,
DAVID BARNEY, PAT MCCULLOUGH,
MARIO CANZIANI, CAROLYN CADA
and DONNA DUNNETT,

                Defendants.

---

       In an order entered on April 21, 2011, I directed plaintiff to advise whether he wanted to continue his lawsuit against defendants Cada and Dunnett or whether he would prefer to file an amended complaint substituting Ann Semrow in place of defendants Cada and Dunnett. Plaintiff has responded that he would prefer to continue his lawsuit against defendants Cada and Dunnett.

       In the April 21 order, I told plaintiff that Jane Doe would be substituted for defendant Dunnett because the Attorney General's Office indicated that the name Donna Dunnett could not be identified for service. However due to plaintiff's adamant response that defendant Dunnett is the correct entity he wishes to proceed against, I will direct the United States Marshal to attempt to serve both defendants Cada and Dunnett.

       In completing the Marshals Service forms for these defendants, the clerk has not provided a forwarding addresses because this information is unknown. It will be up to the marshal to make a reasonable effort to locate defendants Cada and Dunnett by contacting their former employer or conducting an Internet search of public records for the defendants' current addresses or both. *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address). Reasonable efforts do

not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in *Sellers*, the court of appeals recognized the security concerns that arise when inmates have access to the personal addresses of former or current prison employees. *Sellers*, 902 F.2d at 602. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the Internet. If the marshal is successful in obtaining the defendants' personal addresses, he is to maintain that information in confidence rather than reveal it on the marshals service forms, because the forms are filed in the court's public file and mailed to the plaintiff after service is effected.

Finally, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of the defendants it represents. This means that for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department or defendants Loyda, Barney, Krueger, McCullough and Canziani. The Department will access the document through the court's electronic filing system.

However, because the Department is not representing defendants Cada and Dunnett, plaintiff will still be required to send counsel for defendants Cada and Dunnett paper copies of each document he files with the court. If, at some later time, the Department agrees to represent these two defendants, plaintiff will not have to send those defendants a copy of each document he files..

Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the preliminary pretrial conference.

ORDER

IT IS ORDERED that the U.S. Marshal shall make reasonable efforts to locate defendants Cada and Dunnett and, if his efforts are successful, to serve them with a copy of the summons and complaint in this case. If the Marshal is unsuccessful in locating defendants Cada and Dunnett despite making reasonable efforts to locate these defendants, he may file an unexecuted return on which he describes the efforts he made.

Entered this 6th day of May, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge